UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL AMES, JR.,

    Plaintiff,                                                      CASE NO.:

v.

SUREPODS, LLC., a foreign limited
liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL AMES JR. ("AMES" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, SUREPODS, LLC ("SP" or "Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 et seq., hereinafter called the "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## **PARTIES**

4. At all times material hereto, Plaintiff was and continues to be a resident of Seminole County, Florida.

5. At all times material hereto, Plaintiff worked for Defendant in, among others, Orange County, Florida.

6. Defendant is an employer as defined by the FLSA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce.

## **STATEMENT OF FACTS**

7. From November 21, 2012, through January 23, 2020, Plaintiff worked for Defendant as a non-exempt employee.[1]

8. During the FLSA's relevant limitations period, Plaintiff worked for Defendant in the title of "Site Supervisor."

9. In his capacity as a "Site Supervisor," Plaintiff's primary duty was manual labor, and he was subject to rigid control and decision making by his superiors, that did not require the exercise of independent discretion and judgment with regard to matters of significance; further, Plaintiff did not supervise two (2) or more full time employees and could not hire, fire, or discipline employees during the relevant limitations period.

10. As a non-exempt employee under the FLSA, Plaintiff was entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

---

[1] Defendant previously was referred to as Oldcastle Surepods, LLC, but on June 25, 2019, changed its name to Surepods LLC with Florida's Division of Corporations.

11. Plaintiff regularly worked in excess of sixty (60) hours per week in one or more workweeks during the relevant limitations period, but was not permitted to accurately record his hours for same.

12. As a result of the foregoing practice, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in one or more workweeks.

13. Defendant failed to accurately track or maintain valid records of the number of hours Plaintiff worked during his employment, and did not maintain a time keeping system for employees that complies with the FLSA's record keeping requirements.

14. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all overtime hours worked, as required by the FLSA.

15. Defendant violated Title 29 U.S.C. §§ 206 and 207, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the relevant period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

16. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

17. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

18. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

19. Based on the allegations in Paragraphs 16-18 above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

20. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

21. Plaintiff re-alleges and reavers paragraphs 1 through 20 of the Complaint, as if fully set forth herein.

22. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

23. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

24. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

25. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and

one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when she knew, or should have known, such was, and is due.

26. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

27. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

28. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows: for overtime damages; liquidated damages, and attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: February 13, 2020

By: **Noah E. Storch**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771