UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:20-cv-249-Orl-40DCI

MICHAEL AMES, JR.,

    Plaintiff,

v.

SUREPODS, LLC, A Foreign
Limited Liability Company,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, MICHAEL AMES, JR., and Defendant, SUREPODS, LLC (collectively the "Parties"), by and through their undersigned counsel and pursuant to this Court's January 15, 2021 Order, hereby file this Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice and Supporting Memorandum of Law.

### BACKGROUND

In Count I of instant action, Plaintiff claims entitlement to unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendant disputes Plaintiff's claims. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter. A copy of the Settlement Agreement is attached as **Exhibit A**. The Parties now seek approval of the settlement from the Court.

### MEMORANDUM OF LAW

**I.**    **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

**A.     The Settlement is Reasonable and Fair.**

Judicial review and approval of this settlement is necessary to give it final and binding effect.  Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food Stores:

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . .
>
> . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

 Id. at 1352-53.

When both parties are represented by counsel in the adversarial context of a lawsuit, there is a higher likelihood that a negotiated settlement is a fair and reasonable compromise.

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a

position to competently declare that such a settlement is 'unreasonable.'" Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)

The Court should approve a **FLSA** settlement if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, *supra* at 1354-55. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (i) the existence of fraud or collusion behind the settlement;
> (ii) the complexity, expense, and likely duration of the litigation;
> (iii) the stage of the proceedings and the amount of discovery completed;
> (iv) the probability of plaintiff's success on the merits:
> (v) the range of possible recovery; and
> (vi) the opinions of the counsel.

*See* Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-ORL-22JGG, 2007 WL 328792 at *2 (M.D. Fla. Jan. 8, 2007). *See also* Hill v. Fla. Ins. Elec., Inc., No. 6:06-cv-915-ORL-31JGG, 2007 WL 781886 at *4 (M.D. Fla. Mar. 13, 2007); Pacheco v. JHM Enterprises, Inc., No. 6:05-cv-1247-ORL-JGG, 2006 WL 948058 at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. Hamilton, *supra* at *2-3. *See also* Cotton v. Hinton 559 F.2d 1326, 1331 (5th Cir. 1977).

      **B.**    **The Relevant Criteria Support Final Approval of the Settlement.**

           i.    <u>There is no fraud or collusion behind the settlement.</u>

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See* Helms v. Cent. Fla. Reg'l Hosp., No. 605-CV383-ORL-22JGG, 2006 WL 3858491 at *11-12 (M.D. Fla. Dec. 26, 2006). Here, each Party was independently represented by counsel. Defendant was represented by Alexandra Blanco Mangas, Esq. and Kimberly Doud, Esq., of Littler Mendelson P.C. Plaintiff was represented by

Noah Storch, Esq., of Richard Celler Legal, P.A.. All of the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff and his counsel are fair in light of the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate his claims.

> ii. The complexity, expense, and length of future litigation support the reasonableness of this settlement.

The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Plaintiff contends that he was not paid for all overtime hours worked. Defendant contends that Defendant did not employ Plaintiff prior to June 2019 and Plaintiff is not entitled to any alleged overtime compensation prior to June 2019. Defendant claims that during the short time Plaintiff was employed by Defendant, Plaintiff did not work overtime, and if he did, he did not work the hours he alleged in this action. To the contrary, there were significant periods of time in which Plaintiff was out on leave and could not have worked the hours claimed. If this case is litigated further, Plaintiff will bear the burden of proving that he performed work for which he was not properly compensated. *See* Cusumano v. Maquipan Int'l, Inc., 390 F. Supp. 2d 1216 (M.D. Fla. 2005) *citing* Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1269 (M.D. Fla. 1999), and Anderson v. Mt. Clemens Pottery Co., 382 U.S. 680 (1946).

Defendant, in turn, will have to prove that it kept accurate records of Plaintiff's wages, hours, and other conditions and practices of employment, and that it paid him appropriate wages for any overtime hours worked. *See* Jackson v. Corr. Corp. of Am., 606 F. App'x 945, at 952 (11th Cir. 2015) (*citing* Allen v. Bd, of Pub. Educ., 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues.

This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

> iii. <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>
>
> iv. The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. Due to the nature of the claim asserted, namely, violation of the Fair Labor Standards Act ("FLSA"), this Court issued its March 18, 2020 FLSA Scheduling Order. Despite conferring in good faith and putting forth their best efforts, including reviewing and discussing relevant pay and time records, the parties were unable to resolve the instant case. As such, the parties filed a Case Management Report and engaged in discovery. Specifically, the parties served written discovery upon each other, responded to same, and produced additional documentation relevant to the issues presented in this case. Still unable to reach a settlement, Plaintiff took the deposition of Defendant's Corporate Representative(s), and the parties were in the process of re-scheduling Plaintiff's deposition after Plaintiff failed to appear for the prior-scheduled deposition. <u>Plaintiff's probability of success on the merits is uncertain.</u>

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts that he worked certain hours per week, and that he was not compensated properly for these hours. Meanwhile, Defendant contends that it did not employ Plaintiff prior to June 2019 and Plaintiff is not entitled to any alleged overtime compensation prior to June 2019. Further, Defendant contends that during the short time Plaintiff was employed by Defendant, Plaintiff did not work overtime, or the hours he alleged in this action. To the contrary, there were significant periods of time in which Plaintiff was out on leave and could not have worked the hours claimed.

> v. <u>Plaintiff's range of possible recovery is uncertain.</u>

Even if Plaintiff prevails, his range of recovery is uncertain. The Parties disagree over basic factual allegations pertaining to his entitlement to compensation prior to June 2019 and the number of hours Plaintiff worked for the period in which Defendant employed Plaintiff, as discussed

above. The settlement in this matter results in a total payment to Plaintiff of $3,950.00, plus an equal amount of liquidated damages. In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

                vi.   The Parties weighed the opinions of counsel in deciding whether to settle.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

        **C.**    **The "Compromise" of Plaintiff's FLSA Claim is Reasonable.**

There is a *bona fide* issue as to whether Plaintiff worked the number of hours he is claiming. The settlement is a fair resolution of a *bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

Additionally, Plaintiff did not unfairly "compromise" his claim. The settlement amount represents a reasonable compromise by the Parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation.

        **D.**    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See* Helms v. Cent. Fla. Reg'l Hosp., No. 605-CV383-ORL-22JGG, 2006 WL 3858491 at *6-7 (M.D. Fla. Dec. 26, 2006); Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See* Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d

1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Given the compliance and engagement between the parties, required by the FLSA Scheduling Order, the engagement in written discovery, and the continued litigation, the attorney's fees and costs negotiated separately in this matter are fair and reasonable.

## **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable and adequate. The Parties' FLSA settlement does not include a general release, modification, confidentiality, or non-disparagement provision. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

Dated this 15th day of March 2021.

| | |
|---|---|
| */s/ Noah Storch* | */s/ Alexandra Mangas* |
| Noah E. Storch, Esq. | Kimberly J. Doud, Esq. |
| Florida Bar No. 0085476 | Florida Bar No. 0523771 |
| E-mail: noah@floridaovertimelawyer.com | E-mail: kdoud@littler.com |
| Alexander T. Harne, Esq. | Secondary: mfilmore@littler.com |
| Florida Bar No. 126932 | LITTLER MENDELSON, P.C. |
| E-mail: aharne@floridaovertimelawyer.com | 111 North Orange Avenue, Suite 1750 |
| RICHARD CELLER LEGAL, P.A. | Orlando, Florida 32801 |
| 10368 W. State Rd. 84 Ste. 103 | Telephone: (407) 393-2900 |
| Davie, Florida 33324 | Facsimile: (407) 393-2929 |
| Telephone: (866) 344-9243 | |
| Facsimile: (954) 337-2771 | Alexandra Blanco Mangas, Esq. |
| | Florida Bar No. 106874 |
| *Counsel for Plaintiff,* | E-mail: alblanco@littler.com |
| MICHAEL AMES, JR. | Secondary: kljackson@littler.com |
| | LITTLER MENDELSON, P.C. |
| | 333 SE 2nd Avenue, Suite 2700 |
| | Miami, FL 33131 |
| | Telephone: (305) 400-7500 |
| | Facsimile: (305) 603-2552 |
| | |
| | *Counsel for Defendant,* |
| | SUREPODS, LLC |

4811-1343-3057.3