**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL AMES, JR.,**

        **Plaintiff,**

v.                                                                                    Case No: 6:20-cv-249-PGB-DCI

**SUREPODS, LLC,**

        **Defendant.**

---

### ORDER TO SHOW CAUSE

This cause comes before the Court for consideration following the parties' filing of their Joint Motion for Approval of Settlement and Motion to Dismiss Case with Prejudice (Doc. 38, the Motion). Recently, the Court learned that it may be the practice of certain lawyers to seek court approval of their clients' settlement agreements in cases involving Fair Labor Standards Act (FLSA) unpaid wage claims but—in doing so—to improperly fail to disclose to the Court that the parties entered into a separate (often confidential) agreement that would (if disclosed) affect the Court's consideration of whether the proposed settlement of the FLSA action is fair and reasonable. *See Mirles v. Golden Saj, LLC*, No. 6:20-cv-1144-CEM-DCI, at Doc. 39 (M.D. Fla. March 26, 2021) (citing *Inglis v. Magruder*, No. 6:19-cv-1406-ORL-40GJK, Doc. 36 (M.D. Fla. May 5, 2020) *report and recommendation adopted by* 2020 WL 7700157 (M.D. Fla. July 8, 2020)). Thus, the Court will now routinely enter—and did enter in this case—an order that requires disclosure of the existence of any such agreement when parties seek approval of their settlement agreement in an FLSA action. Doc. 39. Here, in response to the Order, the parties admitted that they entered into a separate, undisclosed agreement. Doc. 40.

Thus, each lawyer who is currently counsel of record in this case shall appear before the undersigned in Courtroom 5C at the United States Courthouse in Orlando, Florida **on April 22,**

**2021 at 2:00 p.m.**, and **SHOW CAUSE** why counsel did not disclose to the Court the existence and content of the separate agreement when seeking approval of the settlement in this action. Further, because the parties failed to disclose the separate agreement to the Court when they filed the Motion, the Motion (Doc. 38) is **DENIED** without prejudice.

Normally, this is the end of the Court's show cause order in this circumstance. But here, Plaintiff's counsel (i.e. Noah Storch) was the lawyer for the plaintiff in *Inglis v. Magruder*, No. 6:19-cv-1406-ORL-40GJK. Thus, in another case—before the same district judge—addressing the same issue, Mr. Storch was counsel of record. The Court is hard-pressed to understand why, here, Mr. Storch not only failed to follow *Inglis*, but also took it one step further and failed to even advise the Court of the existence of a separate agreement. And this is at least the third time in the past year and a half that the undersigned has required Mr. Storch to come before the Court to show cause why he should not be sanctioned.[1]

Thus, Mr. Storch shall **SHOW CAUSE** at the hearing why he should not be referred to the Grievance Committee of the Middle District for consideration of sanctions including, but not limited to, suspension or disbarment from practice in the Middle District.

**ORDERED** in Orlando, Florida on April 7, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Breigh v. AcariaHealth Pharmacy, Inc.*, the undersigned noted that:

> Indeed, a prior Order to Show Cause directed to Plaintiff's counsel identified many of the same issues at issue here, described counsel's actions as "troubling," and required Mr. Storch and his co-counsel "to appear in person and show cause why they should not be sanctioned for their conduct in this case and waste of judicial resources." *Askew v. Chef Eddie's, Inc.*, No. 6:18-cv-774-PGB-DCI, at Doc. 37 (M.D. Fla. September 9, 2019).

No. 6:19-cv-1524, at Doc. 35 (M.D. Fla. August 25, 2020).